UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN BOOKER,

                Plaintiff,

   v.                                                  **DECISION AND ORDER**
                                                             14-CV-407S

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

      1.      Plaintiff John Booker challenges an Administrative Law Judge's ("ALJ") decision that Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled due to bipolar disorder, post-traumatic stress syndrome ("PTSD"), personality disorder, anxiety, depression, learning disorder, substance addiction disorder (currently in remission), low back pain, asthma, and obstructive sleep apnea since November 17, 2010. He contends that his medical conditions render him unable to work, and that he is therefore entitled to payment of Supplemental Security Income ("SSI") under the Act.

      2.      Plaintiff applied for SSI benefits on November 20, 2010. The Commissioner of Social Security denied his claim on March 14, 2011. Pursuant to Plaintiff's request, an administrative hearing was then held before ALJ William E. Straub on November 1, 2012, at which Plaintiff appeared with counsel and testified. ALJ Straub considered the case *de novo*, and on December 6, 2012, issued a decision denying Plaintiff's application for SSI. On April 1, 2014, the Appeals Council denied Plaintiff's request for review.

1

3.     Plaintiff filed the current civil action on May 29, 2014, challenging Defendant's final decision.[1]  On October 27, 2014, Plaintiff filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 10). Defendant filed her own motion for judgment on the pleadings on December 29, 2014. (Docket No. 12). After full briefing, this Court deemed oral argument unnecessary and took both motions under advisement.  For the reasons set forth below, Plaintiff's motion is granted, Defendant's motion is denied, and this case is remanded for further proceedings.

4.     A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.     "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the

---

[1] The ALJ's December 6, 2012 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

      6.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act.  See 20 C.F.R. § § 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

      7.      This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted

> with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, ALJ Straub made the following findings with the regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since November 20, 2010 (R. at 21);[2] (2) Plaintiff has bipolar disorder, PTSD, personality disorder, anxiety, depression, learning disorder, and substance addiction disorder (currently in remission), each of which constitutes a "severe" impairment within the meaning of the Act[3] (R. at 21); (3) Plaintiff does not have an impairment or

---

[2] Citations to the underlying administrative record are designated as "R."
[3] The ALJ further found that Plaintiff's low back pain, asthma, and obstructive sleep apnea do not constitute severe impairments within the meaning of the Act. (R. at 21).

4

combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526b (R. at 22); (4) Plaintiff has the residual function capacity ("RFC") to perform a full range of work at all exertional levels defined in 20 C.F.R. 404.1529 and SSRs 96-4p and 96-7p, with the following nonexertional limitations: limited to performing simple work in a low-stress environment with occasional contact with supervisors, co-workers, and the public, and should avoid respiratory irritants (R. at 23); and (5) Plaintiff is unable to perform any past relevant work. (R. at 28). Further, ALJ Straub concluded that given Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (R. at 28). Based on the record, ALJ Straub ultimately determined that Plaintiff was not under a disability, as defined by the Act, from November 20, 2010, through the date of his decision. (R. at 29).

10. Plaintiff argues that the ALJ's mental residual functional capacity ("MRFC") determination that he was limited to low-stress employment is too vague, and further argues that the ALJ erred by not consulting a vocational expert ("VE") when determining his RFC to perform work that exists in significant numbers in the national economy.

"Because stress is 'highly individualized,' mentally impaired individuals 'may have difficulty meeting the requirements of even so-called 'low-stress' jobs,' and the Commissioner must therefore make specific findings about the nature of a claimant's stress, the circumstances that trigger it, and how those factors affect his ability to work." Stadler v. Barnhart, 464 F. Supp.2d 183, 189 (W.D.N.Y. 2006) (citing SSR 85-15; Welch v. Chater, 923 F. Supp. 17, 21 (W.D.N.Y.1996) ("Although a particular job may appear

to involve little stress, it may, in fact, be stressful and beyond the capabilities of an individual with particular mental impairments.")); see also Smith v. Astrue, No. 09–CV–470 TJM/VEB, 2011 WL 6739509, at *7 (N.D.N.Y. Nov. 4, 2011) ("The ALJ did not make sufficient findings concerning Plaintiff's particularized ability to deal with stress, other than to generically conclude that she was limited to 'low stress' work."). An ALJ is required to specifically inquire and analyze a claimant's ability to manage stress. Haymond v. Colvin, No. 1:11-CV-0631 MAT, 2014 WL 2048172, at *8-9 (W.D.N.Y. May 19, 2014).

      11.    Here, ALJ Straub found that Plaintiff is limited to simple work in a low-stress environment, with occasional contact with supervisors, co-workers, and the public. (R. at 24). When determining Plaintiff's MRFC, ALJ Straub gave significant weight to the opinions of Drs. Gregory Fabiano and Susan Santarpia, both State Agency consultative examiners, because their opinions are primarily consistent with the medical evidence of record. (R. at 25-27). Dr. Fabiano diagnosed Plaintiff with a major depression disorder (moderate) and PTSD, while Dr. Santarpia established that Plaintiff had an IQ score of 74. (R. at 25-26). Nonetheless, both Dr. Fabiano and Dr. Santarpia found Plaintiff capable of performing simple work, maintaining attention and concentration, sustaining a regular schedule, learning new tasks, making appropriate decisions, relating adequately with others, and appropriately dealing with stress. (R. at 26-27). Dr. Fabiano further found that Plaintiff could perform complex tasks independently, although Dr. Santarpia found that Plaintiff had mild limitations performing complex task independently. (R. at 27). Comparably, Dr. Kashin, Plaintiff's treating psychiatrist, noted that Plaintiff needed treatment for chemical dependency and bipolar

disorder, but found that Plaintiff was not disabled nor had limitations greater than those determined in the ALJ's decision (R. at 26).

12. Although this Court finds that ALJ Straub properly considered the opinions of Drs. Fabiano and Santarpia with respect to Plaintiff's stress and his need for a "low-stress" environment, the ALJ failed to make specific findings concerning the nature of Plaintiff's stress, the circumstances that trigger it, and how those factors affect his ability to work. See SSR 85-15, at *5 (emphasizing the need to carefully evaluate a claimant's ability to deal with stress in the workplace); see also Sheffield v. Astrue, No. 11–CV–1176, 2012 WL 5966610, at *2 (N.D.N.Y. Nov. 28, 2012) (remanded because the ALJ failed to adequately evaluate Plaintiff's ability to handle stress in making his RFC determination). Given the evidence outlined above and the considerations articulated in SSR 85–15, this Court finds that the ALJ's failure to explain the "low-stress" limitations included in the MRFC is an error that requires remand. See Lomax v. Comm'r of Social Security, No. 09–CV–1451, 2011 WL 2359360, at *3 (E.D.N.Y. June 6, 2011) ("The ALJ failed to address whether plaintiff is mentally capable of dealing with the stress and demands of the workplace. Thus, the ALJ did not fulfill his legal obligation to adequately explain his reasoning in making the findings on which his ultimate decision rests and, in doing so, to address all the pertinent evidence."); Smith, 2011 WL 6739509, at *7 (citing Stadler, 464 F.Supp.2d at 189) (remanded because the ALJ failed to make specific findings about the nature of a claimant's stress, the circumstances that trigger it, and how those factors affect his ability to work). Accordingly, this Court will remand this case for the ALJ to consider the extent, if any, that Plaintiff's difficulties with stress impact his

ability to perform the non-exertional demands of unskilled, competitive, remunerative work on a sustained basis.

13. After the ALJ determines whether and to what extent, if any, Plaintiff's difficulties with stress impact his ability to perform the non-exertional demands of unskilled, competitive, remunerative work on a sustained basis, the ALJ must then find whether Plaintiff's stress limitations significantly diminish his work capacity beyond that caused by his exertional impairments. See Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996); Bapp v. Bowen, 802 F.2d 601, 604–605 (2d Cir. 1986). If Plaintiff's stress limitation significantly diminishes his ability to perform a full range of light work, it will be necessary for the testimony of a VE or similar evidence to be presented with regard to the existence of jobs in the national economy for an individual with claimant's limitations. Bapp, 802 F.2d at 603; see S.S.A.R., § 404.1598, App. 2, § 200.00(a), (e)(2), 42 U.S.C.A. App. On the other hand, if the ALJ concludes that Plaintiff's stress levels do not significantly diminish his work capacity beyond that caused by his exertional impairments, it is appropriate for the ALJ to solely apply the Grids. But the ALJ must incorporate his findings as to whether and to what extent Plaintiff's difficulties with stress impact his ability to perform the non-exertional demands of unskilled, competitive, remunerative work on a sustained basis, with his original assessment when applying the Grids.

14. After carefully examining the administrative record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision. Plaintiff's Motion for Judgment on the Pleadings is therefore granted. Defendant's Motion for Judgment on the Pleadings is denied.


     IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment of the Pleadings (Docket No. 10) is GRANTED.

     FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 12) is DENIED.

     FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this Decision and Order.

     FURTHER, that the Clerk of Court is directed to CLOSE this case.

     SO ORDERED.

Dated:  July 30, 2015
         Buffalo, New York

                                                    <u>/s/William M. Skretny</u>
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge